## SULLIVAN GRANITE COMPANY *vs.* JOHN GORDON.

In the trial of a writ of entry to recover a part of lot seventy-one, the declarations of an owner (since deceased) of a lot adjoining seventy-one on the west, while surveying it for the purpose of conveying it, that a certain monument at which he was then standing was the declarant's north-east corner, are not admissible.

Thus, the defendant in such action, seeking to show that a certain monument was the true north-east corner of an adjoining lot, and on the west line of seventy-one, testified against objection, that he bought of one Miller (since deceased) twenty-five acres of the Miller lot adjoining seventy-one on the west; that when it was run out to him, he and Miller were present with the surveyor; that they run to the spot now claimed by the defendant as the true Miller corner; and that Miller then and there showed him the place, and told him it was Miller's north-east corner. *Held*, that the declarations of Miller were inadmissible.

Sullivan Granite Company *v.* Gordon.

On exceptions.

Writ of entry for land in Sullivan, including a granite quarry, and covering about ten acres.

The defendant claims that the land in dispute forms a part of lot number seventy-one, known as the John Gordon lot.

The town plan and the field-books of Mr. James Peters show that lot seventy-one is bounded on the west by the James Miller lot, and that it extends northerly about twenty-one rods further than the Miller lot, making its western side line about twenty-one rods longer than the eastern side line of the Miller lot.

The defendant sought to show that a certain monument (A), viz. : a stake and stones in a crevice of a ledge, was the true north-east corner of the Miller lot, and on the west line of lot seventy-one, and among other things testified against objection, that in 1841 (as by his deed produced) he bought of James Miller twenty-five acres of the Miller lot; that when it was run out to him, he and James Miller (now deceased) were present with the surveyor; and that they run to the spot (A) now claimed by the defendant, as the true Miller corner; and that Miller showed him the place at the time, and at the place where said corner is, and when the land was being run out to the defendant by Miller as by his deed, told him it was his (Miller's) north-east corner.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*E. Hale,* for the plaintiffs.

*A. Wiswell*, for the defendant, cited *Haynes.* v. *Butler*, 24 Pick. 242, 13 Met. 546; *Corinth* v. *Lincoln*, 34 Maine, 312; *Stewart* v. *Hanson*, 35 Maine, 506, 1 Greenl. on Ev., §§ 108 and 109; *Daggett* v. *Shaw*, 5 Met. 223.

APPLETON, C. J. This is a real action to recover what is claimed as a portion of lot seventy-one, in the town of Sullivan.

The defendant purchased part of an adjacent lot of one Miller in 1841. The land was run out at the time the defendant received his deed. The act of Miller, who has since deceased, at the time the land was so run out, in pointing out the north-east corner of his lot, and his declaration that the spot thus pointed out was such north-east corner, were received subject to all legal objection.

It is well settled that the declarations of the owner of a tract of land, as to its boundaries, while in possession, are admissible against him, and all persons claiming title under him. But here the acts and declarations have no reference to the corners of lot seventy-one. The act of pointing out a corner is no transaction with which these parties, so far as relates to this suit, have any connection. Neither party derives title to the premises in controversy from Miller. The corners of his lot are not those of the one in dispute. The declarations of Miller are but hearsay. They are none the less hearsay, because the declarant may have been, at the time, in possession of the lot, to the corner of which his declarations relate. In all the cases in this State and in Massachusetts, in which declarations have been received, they related to the land in controversy, were made by the declarant while in possession, and were offered in evidence against him or those deriving title under him. *Chapman* v. *Twitchel*, 37 Maine, 59. *Bartlett* v. *Emerson*, 7 Gray, 174. "The exception to the general rule excluding hearsay evidence," remarks Gray J., in *Hall* v. *Mayo*, 97 Mass. 418, which permit the introduction of reputation or tradition, or of declarations of persons deceased, as to matters of public or general interest, or questions of pedigree, do not extend to a question of private boundary, in which no considerable number of persons have a legal interest."

In *Daggett* v. *Shaw*, 5 Met. 223, the declarations related to the same land of which the declarant was in possession, when they were made. They were declarations against interest, and therefore received. *Exceptions sustained.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.

KENT and BARROWS, JJ., did not concur.